**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

|                                      |     |                        |
|--------------------------------------|-----|------------------------|
| **MARKEL INSURANCE COMPANY,**        | *   |                        |
|                                      | *   |                        |
|    **Plaintiff,**     | *   |                        |
|                                      | *   |                        |
| **v.**                               | *   | **Case No.: GJH-21-2239** |
|                                      | *   |                        |
| **RODERICK WIA SUMPTER,** *et al.*,  | *   |                        |
|                                      | *   |                        |
|    **Defendants.**    | *   |                        |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

In this action, Plaintiff Markel Insurance Company ("MIC") requests a declaration that it is not required to defend or indemnify Defendant Roderick Wia Sumpter in an underlying state court negligence action. ECF No. 1. Now pending before the Court is Plaintiff's Motion for Summary Judgment, ECF No. 16, and Plaintiff's Motion to Strike a Response, ECF No. 22. A hearing on the Motions is not necessary. *See* Loc. R. 105.6 (D. Md. 2021).[1] For the reasons stated below, the Court will grant the Motions.[2]

## I.     BACKGROUND[3]

Plaintiff MIC is an insurance company. *See* ECF No. 16-1 at 6.[4] Defendant K&O Fitness, LLC, is a fitness center insured by MIC. *See* ECF No. 16-4 at 14 (Commercial General Liability

---

[1] Plaintiff MIC's request for a hearing, ECF No. 16 at 2, is thus denied.

[2] Defendant K&O Fitness, LLC, and Defendant Mohamed Bah are also parties to this action, though Plaintiff MIC seeks no relief against them. *See* ECF No. 1 ¶¶ 15, 16.

[3] The facts herein are either undisputed or viewed in the light most favorable to the Defendants, as the non-movants.

[4] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Policy). K&O Fitness is a franchisee of Anytime Fitness, LLC. ECF No. 11 ¶¶ 2, 4 (Sumpter Aff.); *see also* ECF No. 11-2 (Franchise Agreement). Defendant Sumpter is an individual who is a "manager" and a "member" of K&O Fitness, LLC. *See* ECF No. 11-1 at 2 (Certificate of Entity).[5] Defendant Bah is an individual who, at the relevant time, lived in Maryland. *See* ECF No. 16-5 at 12.

On August 15, 2020, Defendant Sumpter and Defendant Bah were involved in an automobile collision in Maryland. *See* ECF No. 16-5 at 6 (State Court Complaint).[6] Sumpter informed MIC of the accident, and MIC initiated an investigation. *See* ECF No. 16-6 at 3. On October 16, 2020, a representative of MIC conducted a recorded, sworn interview with Sumpter. *See* ECF No. 16-8. On January 6, 2021, Defendant Bah filed a lawsuit against Sumpter and K&O Fitness, LLC, in the Circuit Court of Maryland for Prince George's County. *See* ECF No. 16-5. Bah alleged that Sumpter "drove his vehicle across the center median of Baltimore Washington Parkway, into oncoming traffic" and hit Bah's "vehicle head-on, at highway speeds." *Id.* ¶ 3. Bah alleged that Sumpter was driving a Tesla "within the scope of his employment with K&O Fitness, LLC." *Id.* ¶ 2. Bah sought damages of $500,000 in medical expenses, property damages, lost wages, and compensation. *Id.* ¶ 8.

On January 28, 2021, MIC sent Sumpter a Reservation of Rights letter, informing him that MIC would "provid[e] you a defense" in the state court action. ECF No. 16-6 at 2. MIC noted that the defense was "pursuant to a full and complete reservation of [MIC's] rights to

---

[5] The parties dispute Sumpter's exact relationship with K&O Fitness. MIC argues that Sumpter is a "partner or executive officer" of K&O Fitness. ECF No. 16 at 2. Sumpter argues that he is a volunteer worker and executive officer in title only of K&O Fitness. ECF No. 20 ¶ 7.

[6] The Court takes judicial notice of state court documents in the underlying state court action. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that "the most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (internal citations omitted)).

contest whether it has a duty to defend you in this matter[.]" *Id.* MIC noted that it would also be defending K&O Fitness, LLC, because Bah alleged that Sumpter was driving the Tesla within the scope of employment. *Id.* at 3. However, after restating key terms of the policy, MIC highlighted that, based on its initial investigation, it was likely that neither Sumpter nor K&O Fitness may be entitled to defense or indemnification. *See id.* at 5, 6. MIC also cautioned Sumpter that there could be a separate declaratory judgment suit between MIC, Sumpter, K&O Fitness, and Bah to determine insurance coverage. *Id.* at 7.

Plaintiff MIC filed the Complaint in this Court on August 31, 2021. ECF No. 1. MIC named Sumpter, K&O Fitness, and Bah as Defendants. MIC requested a declaration that insurance coverage is not available to Sumpter for the automobile accident. *Id.* In response, Sumpter, proceeding *pro se*, filed an affidavit arguing that he is insured under the policy and setting out additional facts about his role within K&O Fitness. *See* ECF No. 11. Bah also filed an Answer. ECF No. 14.

MIC filed the Motion for Summary Judgment on December 17, 2021. ECF No. 16. MIC argues that this action involves a pure question of law that can be resolved without discovery. *Id.* at 2. MIC also noted that the underlying state court action had been stayed pending resolution of this case. *Id.* Defendant Sumpter was sent a Rule 12/56 Notice on December 20, 2021. ECF No. 18.[7] Defendant Sumpter filed an "Affidavit in Opposition to Motion for Summary Judgment" on January 14, 2021. ECF No. 20. Sumpter argues that he never received a copy of the motion, that MIC has acted in bad faith, and that Sumpter needs to conduct discovery. *Id.* at 2. Defendant Bah also filed a response in opposition, arguing that factual issues remain in dispute. *See* ECF No. 21 at 3. Plaintiff MIC moved to strike Bah's response as untimely. *See* ECF No. 22.

---

[7] A Rule 12/56 Notice advises a *pro se* party of his or her rights under Federal Rule of Civil Procedure 12 and Federal Rule of Civil Procedure 56. The Notice specifies that that the party generally has 28 days to respond.

## II.    PRELIMINARY MOTIONS

The Court addresses a few preliminary issues before turning to the Motion for Summary Judgment.

### A. Service

Defendant Sumpter first argues that he was not served with the Motion for Summary Judgment. ECF No. 20 ¶ 1. Pursuant to Federal Rule of Civil Procedure 5, a written motion must be served on every party. Service may be made by "mailing it to the person's last known address—in which event service is complete upon mailing[.]" Fed. R. Civ. P. 5(b)(2)(C). MIC certified that it mailed the Motion for Summary Judgment via first class mail to Sumpter on December 20, 2021. ECF No. 19. MIC also provides supporting documentation from its mail services department to show that the Motion was mailed on that day. *See* ECF Nos. 23-1, 23-2. "Because service is complete upon mailing, non-receipt of the information does not affect the validity of service." *United States v. Wright*, 238 F.3d 418 (4th Cir. 2000) (citing *In re Eagle Bus. Mfg. Inc.*, 62 F.3d 730, 735 (5th Cir. 1995) ("[T]he question becomes whether the sender properly mailed the notice and not whether the intended recipient received it.")). Additionally, Sumpter did not request an extension, and he ultimately responded within the period allocated to him. *See* ECF No. 20. Plaintiff properly effected service.[8]

### B. Motion to Strike

Plaintiff MIC argues that the Court must strike Defendant Bah's response to the summary judgment motion because Bah's response was late. ECF No. 22. Bah has not responded.

---

[8] Sumpter also appears to argue that the Complaint must be dismissed for insufficient service of process, ECF No. 20 ¶ 1. Despite otherwise participating in the case, this is the first time Sumpter has asserted this argument. Thus, he has waived it. *See* Fed. R. Civ. P. 12(h)(1).

Defendant Bah, who is represented by counsel, was served on December 17, 2021 via the CM/ECF system. ECF No. 16. Bah's response was due 14 days later on December 31, 2021, pursuant to Local Rule 105.2(a). Bah filed the response in opposition on January 18, 2022. ECF No. 21. Bah did not seek an extension, nor did he explain the delay. *See* Fed. R. Civ. P. 6(b) (noting that a court can extend time "on motion made after the time has expired if the party failed to act because of excusable neglect."). "'Local Rule 105.2(a) does not provide the consequence for a failure to meet the prescribed deadline. Thus, the district court, in its discretion, may decide whether to consider an untimely opposition.'" *Curtis v. Evans*, No. 2003-cv-2774-DKC, 2004 WL 1175227, at *1 (D. Md. May 27, 2004) (citing *H & W Fresh Seafoods, Inc. v. Schulman*, 200 F.R.D. 248, 252 (D. Md. 2000), *aff'd*, 30 F. App'x 75 (4th Cir. 2002)). Bah has not attempted to justify the delay, nor has he responded to the Motion to Strike. The Court will grant the Motion to Strike Bah's response.[9]

### C. Discovery

"Generally speaking, 'summary judgment [must] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Id.* (quoting *Evans v. Technologies Applications & Service Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). "To adequately raise the issue that discovery is needed, the non-movant typically must file an affidavit or declaration pursuant to Rule 56(d)

---

[9] Additionally, even considering Bah's response on the merits, Bah's response fails to raise a genuine dispute of fact such that that summary judgment would be inappropriate.

(formerly Rule 56(f)), explaining why, 'for specified reasons, it cannot present facts essential to justify its opposition,' without needed discovery." *Wright v. Wexford Health Sources, Inc.*, No. 15-cv-3222-GJH, 2016 WL 2644888, at *2 (D. Md. May 6, 2016) (quoting Fed. R. Civ. P. 56(d)). "[F]ailure to file an affidavit may be excused 'if the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary' and the 'nonmoving party's objections before the district court served as the functional equivalent of an affidavit.'" *Id.* (quoting *Harrods Ltd.*, 302 F.3d at 245 (internal quotations and citations omitted)).

Defendant Sumpter states in an affidavit that it is necessary that MIC turn over "all documents describing their business relationship and financial records with" Anytime Fitness's parent company. ECF No. 20 ¶ 3. Sumpter also requests that MIC "release the complete police report and detective report involving this accident." *Id.* ¶ 4.

As this Court has explained, a "non-moving party's Rule 56(d) request for additional discovery is properly denied 'where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment.'" *Wright*, 2016 WL 2644888, at *2 (quoting *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995)). The Court is mindful that it should grant a Rule 56(d) request for discovery if "the information requested is in the sole possession of the moving party, and where the district court would be otherwise unable to conduct a proper summary judgment assessment without the requested evidence." *Putney v. Likin*, 656 F. App'x 632, 639 (4th Cir. 2016). However, a non-movant may not "demand[] 'discovery for the sake of discovery.'" *Canty v. Corcoran*, No. 18-cv-1404-GLR, 2022 WL 899278, at *5 (D. Md. Mar. 28, 2022) (quoting *Hamilton v. Mayor of Balt.*, 807 F. Supp. 2d 331, 342 (D. Md. 2011)); *see also St. Paul Reinsurance Co. v. Ollie's*

*Seafood Grille & Bar, LLC*, 242 F.R.D. 348, 352 (D.S.C. 2007), *aff'd sub nom. St. Paul Reinsurance Co. v. Riviello*, 296 F. App'x 377 (4th Cir. 2008) ("'Vague assertions' that more discovery is needed are insufficient.").

Here, Sumpter does not explain why he requires either the police report or "all documents" related to MIC and Anytime Fitness to oppose Summary Judgment in this policy coverage dispute. The Court is satisfied that it can resolve the issues presented based on the current record. *See Nader v. Blair*, 549 F.3d 953, 962 (4th Cir. 2008) (holding that the district court properly denied a Rule 56(d) motion when the requested discovery "would not be essential to . . . opposition of the Defendants' motion for summary judgment, and thus discovery on that issue was unnecessary."). There is no need to grant Sumpter's request for discovery.[10]

## III.   MOTION FOR SUMMARY JUDGMENT

MIC requests a declaration that insurance coverage is not available to Sumpter for the automobile accident under the insurance policy issued to K&O Fitness, LLC. ECF No. 16. A "declaratory judgment action is appropriate 'when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 256 (4th Cir. 1996) (quoting *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 324 (4th Cir. 1937) (internal citations omitted)). "In a declaratory judgment action, an insurance carrier may appropriately move for summary judgment to determine whether it is obligated to provide coverage to an insured, where . . . there are no material ambiguities in the

---

[10] Defendant Bah also argued that summary judgment is premature because the lack of discovery. ECF No. 21 at 3. However, Bah did not file a Rule 56(d) affidavit and did not explain why additional discovery is needed—nor what kind of discovery is needed. *See id.* at 5. Bah also questioned the authenticity of the insurance policy provided by MIC. *Id.* at 3. In response, MIC provided a certified copy of the insurance policy, which is identical to the copy of the insurance policy provided in the Motion for Summary Judgment. *See* ECF Nos. 16-4, 23-3.

policy." *St. Paul Reinsurance Co.*, 242 F.R.D. at 352 (citing *Highlands Ins. Co. v. Gerber Prods. Co.*, 702 F. Supp. 109, 111 (D. Md. 1988)).

### A.  Standard of Review

Summary judgment is appropriate if "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," Fed. R. Civ. P. 56(c), show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment bears the burden of demonstrating that no genuine dispute exists as to material facts. *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). If the moving party demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify specific facts showing that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 322-23. A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. liberty Lobby. Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is only genuine if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248. The Court is not prohibited from granting a motion for summary judgment before the commencement of discovery. *See* Fed. R. Civ. P. 56(a) (stating that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact" without distinguishing pre- or post-discovery).

**B.  The Policy**

MIC issued a Commercial General Liability Policy ("the CGL Policy") to K&O Fitness

LLC d/b/a Anytime Fitness Mocks Corner for the period of March 24, 2020 to March 24, 2021.

*See* ECF Nos. 16-2 ¶ 3 (Geiser Decl.), 16-4 at 2, 14 (the Policy), 16-6 at 2 (Reservation of

Rights). MIC agreed that:

> We will pay those sums that the insured becomes legally obligated to pay as
> damages because of "bodily injury" or "property damage" to which this
> insurance applies. We will have the right and duty to defend the insured
> against any "suit" seeking those damages. However, we will have no duty to
> defend the insured against any "suit" seeking damages for "bodily injury" or
> "property damage" to which this insurance does not apply. We may, at our
> discretion, investigate any "occurrence" and settle any claim or "suit" that may
> result.

ECF No. 16-4 at 132. On the Declarations page, the "Named Insured" is listed as "K&O Fitness

LLC DBA: Anytime Fitness Moncks Corner." *Id.* at 14. Other "insureds" include K&O Fitness,

LLC, members "but only with respect to the conduct of your business" and managers "but only

with respect to their duties as your managers." *Id.* at 140.

The Policy includes a list of exclusions from coverage. *See* ECF No. 16-4 at 133. As

relevant here, the Policy does not apply to:

> g. "Bodily injury" or "property damage" arising out of the ownership,
> maintenance, use or entrustment to others of any aircraft, "auto" or watercraft
> owned or operated by or rented or loaned to any insured.

ECF No. 16-4 at 135. "Auto" is defined as a "land motor vehicle." *Id.* at 144.

Separately, there is a Non-Owned and Hired Automobility Liability Endorsement that

states that "[v]arious provisions in this endorsement modify coverage." ECF No. 16-4 at 162.

This Endorsement clarifies that "'you' and 'your' refer to the Named Insured shown in the

declarations." *Id.* As relevant here:

> The insurance provided under COVERAGE A - BODILY INJURY AND
> PROPERTY DAMAGE LIABILITY (Section I - Coverages) applies to
> "bodily injury" or "property damage" arising out of the maintenance or use of
> a "hired auto" by you or your "employees" in the course of your business.

> The insurance provided under COVERAGE A - BODILY INJURY AND
> PROPERTY DAMAGE LIABILITY (Section I - Coverages) applies to
> "bodily injury" or "property damage" arising out of the use of a "non-owned
> auto" by any person in the course of your business.

ECF No. 16-4 at 162. The Automobile Liability Endorsement also includes the following

definitions:

> "Hired auto" means any "auto" you lease, hire, rent or borrow. This does not
> include any "auto" you lease, hire, rent or borrow from any of your
> "employees", your partners or your "executive officers", or members of their
> households.

> "Non-owned auto" means any "auto" you do not own, lease, hire, rent or
> borrow which is used in connection with your business. This includes "autos"
> owned by your "employees", your partners or your "executive officers", or
> members of their households, but only while used in your business or your
> personal affairs.

ECF No. 16-4 at 164. Finally, the Automobile Liability Endorsement also clarifies that "Section

II – Who is an Insured?" is "deleted with respect to all coverages provided under this

endorsement and replaced by the following":

> Each of the following is an insured with respect to HIRED AUTO LIABILITY
> INSURANCE and NON-OWNED AUTO LIABILITY INSURANCE only, to
> the extent set forth below.
> a. You.
> b. Any other person using a "hired auto" with your permission.
> c. With respect to a "non-owned auto", any partner or "executive officer" of
> yours, but only while such "non-owned auto" is being used in your business.
> d. Any other person or organization, but only with respect to their liability
> because of acts or omissions of an insured under paragraphs a., b. or c. above

> None of the following is an insured . . .
> a. Any person engaged in the business of his or her employer with respect to
> "bodily injury" to any co-employee of such person injured in the course of
> employment;

10

b. Any partner or "executive officer" with respect to any "auto" owned by such partner or officer or a member of his or her household;

c. Any person while employed in or otherwise engaged in performing duties related to the conduct of an "auto business", other than an "auto business" you operate;

d. The owner or lessee (of whom you are a sublessee) of a "hired auto" or the owner of a "non-owned auto" or any agent or "employee" of any such owner or lessee;

e. Any person or organization with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

ECF No. 16-4 at 163.

## C. Analysis

South Carolina law governs the interpretation of the Policy.[11] The Supreme Court of South Carolina has explained that:

> Although an insurer's duty to defend is separate and distinct from its obligation to pay a judgment, the two are in a sense interrelated. If the facts alleged in the complaint against an insured fail to bring a claim within policy coverage, an insurer has no duty to defend.

*USAA Prop. & Cas. Ins. Co. v. Clegg*, 377 S.C. 643, 654, 661 S.E.2d 791, 796 (2008) (citing *S.C. Med. Malpractice Liab. Ins. Joint Underwriting Assn. v. Ferry*, 291 S.C. 460, 463, 354 S.E.2d 378, 380 (1987)). "'Accordingly, the allegations of the complaint determine the insurer's duty to defend.'" *Id.* (quoting *B.L.G. Enters., Inc.*, 334 S.C. at 535, 514 S.E.2d at 330).

---

[11] Maryland choice-of-law rules apply, and Maryland applies the law of lex loci contractus. *W.C. & A.N. Miller Dev. Co. v. Cont'l Cas. Co.*, 814 F.3d 171, 176 (4th Cir. 2016). "'The locus contractu of an insurance policy is the state in which the policy is delivered and the premiums are paid.'" *Id.* (quoting *Cont'l Cas. Co. v. Kemper Ins. Co.*, 173 Md. App. 542, 920 A.2d 66, 69 (2007)). The Policy was issued to K&O Fitness d/b/a Anytime Fitness Moncks Corner in Moncks Corner, South Carolina. *See* ECF No. 16-4 at 14.

However, the outcome would be the same even if the Court applied Maryland law. "In interpreting an insurance policy under Maryland law, 'the primary principle of construction is to apply the terms of the insurance contract itself.'" *Cato Inst., Inc. v. Cont'l Cas. Co.*, No. 11-cv-1418-JFM, 2011 WL 3626784, at *3 (D. Md. Aug. 16, 2011) (quoting *Kendall v. Nationwide Ins. Co.*, 348 Md. 157, 702 A.2d 767, 771 (Md.1997) (internal quotations omitted)). "Unless there is an indication that the parties intended to use words in a special technical sense, the words in a policy should be accorded their 'usual, ordinary, and accepted meaning.'" *W.C. & A.N. Miller Dev. Co.*, 814 F.3d at 176 (quoting *Bausch & Lomb, Inc. v. Utica Mut. Ins. Co.*, 330 Md. 758, 625 A.2d 1021, 1031 (1993) (citations omitted)).

"'However, an insurer has no duty to defend an insured where the damage was caused for a reason unambiguously excluded under the policy.'" *Id.* "In order to make a declaration regarding the insurer's duty to defend and indemnify the underlying suit, the court need only consider the plain terms of the Policy and the allegations and claims asserted in the underlying lawsuit." *St. Paul Reinsurance Co.*, 242 F.R.D. at 352. "Under the law of South Carolina, insurance policies are subject to the general rules of contract construction." *Id.* (internal citations omitted). "The court must give policy language its plain, ordinary, and popular meaning. When a contract is unambiguous, clear, and explicit, it must be construed according to the terms the parties have used." *Id.* (internal citations omitted). "'Ambiguous or conflicting terms in an insurance policy must be construed liberally in favor of the insured and strictly against the insurer.'" *USAA Prop. & Cas. Ins. Co.*, 377 S.C. at 655 (quoting *Diamond State Ins. Co. v. Homestead Indus., Inc.*, 318 S.C. 231, 236, 456 S.E.2d 912, 915 (1995)).

"The insured bears the burden of proving that a claim is covered by a policy, while the insurer bears the burden of establishing exclusions to coverage." *Auto-Owners Ins. Co. v. Madison at Park W. Prop. Owners Ass'n, Inc.*, 834 F. Supp. 2d 437, 443 (D.S.C. 2011) (citing *Sunex Int'l Inc. v. Travelers Indem. Co.*, 185 F. Supp. 2d 614, 617 (D.S.C. 2001); *Gamble v. Travelers Ins. Co.*, 251 S.C. 98, 160 S.E.2d 523, 525 (1968)). "'[E]xclusions in an insurance policy are to be interpreted narrowly and to the benefit of the insured[.]'" *Id.* (citing *Horry County v. Ins. Reserve Fund*, 344 S.C. 493, 544 S.E.2d 637, 640 (S.C. Ct. App. 2001)). "'However, if the intention of the parties is clear, courts have no authority to torture the meaning of policy language to extend coverage that was never intended by the parties.'" *Oceola Dev. & Constr., LLP v. Int'l Ins. Co. of Hannover, PLC*, 2020 WL 1677539, at *3 (D.S.C. Apr. 6, 2020) (quoting *S.C. Farm Bureau Mut. Ins. Co. v. Wilson*, 544 S.E.2d 848, 850 (S.C. Ct. App. 2001)).

MIC contends that it is entitled to a declaration that MIC has no duty to defend or indemnify Sumpter in the underlying state court action. First, MIC argues that the underlying action falls under one of the CGL Policy's coverage exclusions, and therefore, the automobile accident is not covered by the CGL Policy. *See* ECF No. 16-1 at 13. Second, MIC argues that there is also no coverage under the separate Automobile Liability Endorsement. MIC argues that Sumpter is excluded as an "insured" under the Endorsement because Sumpter was driving his own vehicle. *Id.* MIC argues that Sumpter is also not an "insured" because he is a partner or executive officer driving his own vehicle. *Id.* In response, Sumpter has filed an affidavit and stated that he is not an executive officer, that MIC is seeking to avoid coverage in bad faith, and that Sumpter was conducting business for K&O Fitness when he got into the accident. *See* ECF No. 20 ¶¶ 7, 8.

### 1. CGL Policy

Under the CGL Policy, members and managers of Named Insureds also qualify as "insureds." ECF No. 16-4 at 140. Exclusion G of the CGL Policy excludes "bodily injury" or "property damage" "arising out of the ownership, maintenance, use or entrustment to others of any . . . 'auto' . . . owned or operated by or rented or loaned to any insured." *Id.* at 135. "Bodily injury" is defined as "injury, sickness or disease sustained by a person[.]" *Id.* at 144. "Property damage" is defined as "injury to tangible property, including all resulting loss of use[.]" *Id.* at 146. For injuries to "arise" out of the ownership or use of a vehicle, "[t]he 'accident' upon which insurance coverage is claimed must bear a 'causal relation or connection' with the ownership, maintenance or use of the automobile." *Nationwide Mut. Ins. Co. v. Brown*, 779 F.2d 984, 988 (4th Cir. 1985) (citing *Plaxco v. U. S. Fid. & Guar. Co.*, 252 S.C. 437, 441, 166 S.E.2d 799, 800 (1969)).

In the underlying action, Bah seeks damages for "reasonable and necessary medical expenses, property damages, loss of use of an automobile, lost wages" and "past and future medical bills . . . property damages . . . past and future pain, [and] suffering" as the result of Bah's "severe, permanent, disfiguring, disabling injuries." ECF No. 16-5 ¶¶ 8, 9 (State Court Complaint). Bah alleges that his injuries were the direct result of Sumpter's negligent driving. *Id.* ¶¶ 7, 8.

Sumpter is as an "insured" under the CGL Policy because, as he asserts, he is a "member" and "manager" of K&O Fitness, LLC—the Named Insured. *See* ECF No. 20 ¶ 7; *see also* ECF No. 16-4 at 140. However, Bah's claim is for "bodily injury" and "property damage" resulting from the accident. These injuries directly "arise" out of the "use" of an "auto" "owned or operated" by an insured—here, Sumpter. Thus, the allegations in the underlying state court action fall squarely under Exclusion G. *See* ECF No. 16-4 at 135.

Sumpter argues that the Policy states that MIC "will not pay expenses for 'bodily injury' . . . [t]o any insured, except 'volunteer workers.'" ECF No. 20 ¶ 7 (citing ECF No. 16-4 at 139). Sumpter argues that he is also a "volunteer worker." ECF No. 20 ¶ 7. But the cited section deals with MIC's obligation to pay medical expenses for "bodily injury" *to* "volunteer workers"—not *caused* by volunteer workers. ECF No. 16-4 at 139. Additionally, the Policy exclusions still explicitly apply to that section. *Id.* Thus, there is no genuine dispute that the CGL Policy excludes coverage for the underlying state action.

### 2. Automobile Liability Endorsement

MIC argues that coverage is also unavailable under the Automobile Liability Endorsement because Sumpter is not an "insured" under the Endorsement. ECF No. 16-1 at 16. MIC argues that Sumpter falls under two different and independent exceptions.

14

First, MIC argues that Sumpter cannot show that he is an "insured" under this Endorsement because Sumpter owned the automobile used in the collision. ECF No. 16-1 at 16. The Endorsement excludes the "owner or lessee . . . of a 'hired auto' or the owner of a 'non-owned auto'" from being an "insured." ECF No. 16-4 at 163. A "hired auto" is any "'auto' you lease, hire, rent or borrow[,]" and a "non-owned auto" is "any 'auto' you do not own, lease, hire, rent or borrow which is used in connection with your business." *Id.* at 164. "Non-owned auto" includes any "auto" owned by employees, partners, executive officers, or members of their households, but only while used for business purposes. *Id.*

Sumpter was driving a 2019 Tesla Model X during the accident. *See* ECF No. 20 ¶ 8; ECF No. 11 ¶ 13. MIC has provided evidence to show that Sumpter owned the Tesla. *See* ECF No. 16-7 at 2, 10 (Tesla Purchase Agreement and Motor Vehicle Administration Registration). Sumpter does not challenge that he owns the vehicle; instead, he states that the Tesla "was used in conducting business operations[.]" ECF No. 20 ¶ 8; *see also* ECF No. 11 ¶ 13.

Sumpter is excluded from the definition of "insured" under the Endorsement because Sumpter is the "owner" of a "non-owned auto." A "non-owned auto" includes any "auto" owned by an employee, partner, or executive officer "only while used for business purposes." Thus, by Sumpter's own statements, he falls directly into the "owner of a non-owned auto" exclusion.

Second, MIC argues that Sumpter also cannot show that he is an "insured" under the Endorsement because Sumpter is a partner and an executive officer. ECF No. 16-1 at 18, 19. The Endorsement specifies that "[a]ny partner or 'executive officer' with respect to any 'auto' owned by such partner or officer" does not fall under the definition of "insured." ECF No. 16-4 at 163. The Policy defines "executive officer" as a person "holding any of the officer positions created by your charter, constitution, bylaws or any other similar governing document." *Id.* at 144. MIC

provides extensive documentation, including Sumpter's personal tax returns, K&O Fitness's tax

returns, K&O Fitness's franchise agreement, and Sumpter's business card, to show that Sumpter

received income from and was categorized as a partner, manager, and owner of K&O Fitness.

*See* ECF No. 16-9 at 6, 10, 20, 38, 41.

Sumpter protests that he is not an "executive officer" because he is a "volunteer worker . .

. 99% of the time and an owner [or] executive officer only in title 1% of the time." ECF No. 20 ¶

7. Sumpter also argues that he is essentially a "volunteer worker" because he "work[s]

continuously" in many different roles for the K&O Fitness business. *Id.*

The Policy defines "volunteer worker" as a "person who is not your 'employee', and

who donates his or her work . . ., [and] is not paid a fee, salary or other compensation[.]" ECF

No. 16-4 at 147. Sumpter plainly does not fit this definition. In his affidavits, Sumpter attests that

he "fit[s] th[e] definition" of both "manager" and "member" because he is a "natural person

serving in a directorial capacity for a limited liability company" and he is "an owner of a limited

liability company[.]" ECF No. 11 ¶ 9; ECF No. 20 ¶ 7. Sumpter also states that he was a

"principal operator" and a "50% partner" of the business. ECF No. 11 ¶¶ 1, 3. Sumpter also

provides documents that show that he is both a "manager" and a "member" of K&O Fitness,

LLC. *See* ECF No. 11-1 at 2 (Certificate of Entity). Sumpter even admits that he is an "owner

and executive officer" and simply argues that he "dispute[s] that [he] can *only* be an owner and

executive officer." ECF No. 20 ¶ 7 (emphasis added). Sumpter also does not respond to MIC's

argument that Sumpter is also a partner, which would be sufficient by itself for Sumpter to fall

under the exclusion. *See* ECF No. 16-4 at 163 ("None of the following is an insured . . .[a]ny

partner or 'executive officer' with respect to any 'auto' owned by such partner or officer[.]").

The proffered evidence shows that Sumpter is both a partner and an executive officer. Additionally, there is no dispute that Sumpter owned the Tesla driven in the accident. *See* ECF No. 16-7 at 2 (Tesla Purchase Agreement). Thus, Sumpter also falls squarely under the Endorsement's exclusion of a "partner or 'executive officer' with respect to any 'auto' owned by such partner or officer" from the definition of "insured." ECF No. 16-4 at 163.

Because Sumpter falls under two different exceptions, he is not an "insured" under the Automobile Liability Endorsement. Therefore, there is no insurance coverage for Sumpter under the Endorsement.

* * *

Plaintiff MIC has no duty to defend or indemnify Sumpter in the underlying state court action. There are no material ambiguities in either the CGL Policy or the Endorsement. The key facts, whether the Policy excludes coverage for bodily injury and property damage arising from an automobile accident, whether Sumpter owned the vehicle driven during the accident, and whether Sumpter is either a partner or executive officer driving his own automobile, are also undisputed. *See, e.g.*, *St. Paul Reinsurance Co.*, 242 F.R.D. at 352 ("In order to make a declaration regarding the insurer's duty to defend and indemnify the underlying suit, the court need only consider the plain terms of the Policy and the allegations and claims asserted in the underlying lawsuit."). Thus, summary judgment is granted to Plaintiff MIC.

## IV.    CONCLUSION

For the reasons discussed, Plaintiff MIC's Motion for Summary Judgment is granted. Additionally, MIC's Motion to Strike is granted. A separate Order follows.

Dated: __July   11,  2022__                                             /s/_____
                                                                                          GEORGE J. HAZEL
                                                                                          United States District Judge